## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ELIZABETH L. BURTCH                                CIVIL ACTION

VERSUS

BATON ROUGE GENERAL HOSPITAL              NO. 12-00438-BAJ-SCR

## RULING AND ORDER

On July 20, 2012, Plaintiff Elizabeth L. Burtch ("Burtch") filed an application to proceed *in forma pauperis* in her lawsuit against Defendant Baton Rouge General Hospital ("BRGH"). (Doc. 2.) On September 13, 2012, the presiding Magistrate Judge denied Burtch's request to proceed *in forma pauperis*.[1] (Doc. 5.) After considering her income, assets, and liabilities, the presiding Magistrate Judge concluded Burtch has the ability to pay the Court's usual filing fee, and ordered her to do so within fourteen (14) days. The Order specifically advised Burtch that "[f]ailure to do so will result in dismissal of the plaintiff's complaint." (Doc. 5, p. 5.)

Despite the Court's Order, Burtch failed to pay the filing fee. Instead, on October 2, 2012 - five (5) days after the deadline to remit payment - Burtch filed a letter, in which she attempted to "respond" to the Court's Order. (R. Doc. 6.) Her letter, however, fails to address why she did not follow the Court's Order and pay the filing fee by September 27, 2012.[2]

---

[1] Burtch also filed an application for appointment of counsel, pursuant to 42 U.S.C. § 2000e-5(f)(1). (Doc. 3.) That request was also considered and denied by the Presiding Magistrate Judge. (Doc. 5.)

[2] The Court further notes that according to Burtch, her job did not end until September 30, 2012. (Doc. 6, p. 2.) Thus, she was gainfully employed at the time she filed this lawsuit and requested to proceed *in forma pauperis* through September 30, 2012.

The record shows that Burtch has failed to pay the filing fee, as ordered by this Court. Therefore, her complaint against BRGH shall be dismissed.

Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), a civil action must be commenced within ninety (90) days after the plaintiff has received a right-to-sue notice from the United States Equal Employment Opportunity Commission ("EEOC").[3] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002); 42 U.S.C. § 2000e-5(f)(1). The requirement to file within ninety (90) days is strictly construed. *Taylor*, 296 F.3d at 379.

Here, a Dismissal and Notice of Rights was issued to Burtch by the Louisiana Commission on Human Rights ("LCHR") on April 24, 2012. (Doc. 1, p. 10.) The record shows Burtch received the Notice on April 30, 2012. (Doc. 1, pp. 11, 13.) The Notice advised Burtch that she had ninety (90) days from the date of receipt to file a lawsuit against BRGH.[4] A Dismissal and Notice of Rights was also issued to Burtch by the EEOC on May 1, 2012. (Doc. 1, p. 12.) The record shows Burtch received the Notice on May 3, 2012, at the latest. (Doc. 1, p. 15.) This Notice also advised Burtch that she had ninety (90) days from the date of receipt to file a lawsuit against BRGH.

Using the last possible date of receipt of the Dismissal and Notice of Rights, the deadline for Burtch to properly file her lawsuit with this Court was August 1, 2012. Thus,

---

[3]Burtch's complaint does not specifically refer to Title VII. Her complaint does allege, however, that she was discriminated against on the basis of her race and that she filed a Charge of Discrimination with the Equal Employment Opportunity Commission. (Doc. 1, pp 1-4.)

[4]The Notice also advised Burtch that she had the right to request the EEOC review the LCHR's action, but that such request must be submitted in writing and mailed to the EEOC's office within fifteen (15) days of the date of the Notice - or by May 9, 2012. (Doc. 1, p. 10.) The record shows Burtch requested a review on May 1, 2012. (Doc. 1, pp. 13-14.) However, nothing in the record indicates the EEOC subsequently reversed the LCHR's action.

the ninety (90) day limitations period has closed, and Burtch is precluded from re-filing her lawsuit.

Accordingly,

**IT IS ORDERED** that this action be, and is, dismissed, with prejudice. Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 11th day of October, 2012.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**